IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ALPHONSO BOUTIRE,<br>Institutional ID No. 2083197,<br><br>Plaintiff,<br><br>v.<br><br>TERESA DAILEY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 5:18-CV-00016-BQ<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Alphonso Boutire filed this 42 U.S.C. § 1983 action *in forma pauperis* on January 17, 2018. ECF No. 1. In his Complaint, Boutire alleges that Defendants provided inadequate medical care for an infection between October 10 and December 7, 2017, at the Texas Department of Criminal Justice's (TDCJ) Jim Rudd Transfer Facility (Rudd Unit) in Brownfield, Texas. *Id.* On January 19, 2018, the United States District Court transferred this action to the undersigned magistrate judge for the purpose of conducting preliminary screening under the Prison Litigation Reform Act (PLRA). ECF No. 8. To date, Boutire has not consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned enters this Report and recommends that the district court dismiss this action for want of prosecution.

### I.   Background

Following the district court's referral, the undersigned commenced initial screening of Boutire's Complaint. On January 22, 2018, the court ordered production of authenticated records from TDCJ. ECF No. 10. On June 4, 2018, after receipt of the TDCJ authenticated records, the court entered an order requiring Boutire to complete and return a Questionnaire and Declaration in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976) for the purpose of

clarifying and further developing Boutire's claims. ECF No. 16. The Clerk of Court mailed the order and questionnaire to Boutire's most recent address the same day. *See* "Clerk's Notice of Delivery," dated June 4, 2018. Although mailed to Boutire's current address on file with the Clerk, which coincides with the address listed on the last pleading submitted by Boutire (a "Notice of Change of Address" and "Motion for Leave to File an Amended Complaint" submitted February 20, 2018, to which the court's order denying leave to amend was not returned (ECF No. 15)), the United States Postal Service returned the Questionnaire on June 14, 2018, as "Return to Sender Refused Unable to Forward." ECF No. 17. Prior to issuing this Report, the court conducted a search on TDCJ's online offender list, which revealed that Boutire is not currently incarcerated within the TDCJ system. *See* Tex. Dep't of Criminal Justice, *Offender Information Search*, https://offender.tdcj.texas.gov/OffenderSearch (last visited July 18, 2018).

## II. Discussion

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626).

On January 19, 2018, the court issued a PLRA Filing Fee Order granting Boutire's request to proceed *in forma pauperis*, which advised Boutire of his obligation to "promptly notify the Court of any change in address . . . [and that his] [f]ailure to file such a notice may result in this case being dismissed for want of prosecution." ECF No. 7, at 2 ¶ 8. Boutire received a similar admonishment when he initially filed this suit. *See* "Instructions to a Prisoner *Pro Se* Plaintiff,"

ECF No. 5, at 1 ¶ 2 ("You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case."). Despite specifically being admonished on at least two occasions that failure to promptly notify the court of a change in address could result in the dismissal of this action, Boutire has failed to maintain his current address with the Clerk of Court.

As noted above, the court commenced its initial screening of Boutire's Complaint by ordering the production of authenticated records from TDCJ, which the court received February 26, 2018. The court's ability to further review the case, however, either through setting an evidentiary hearing (*Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985)) or sending another questionnaire, is thwarted by Boutire's failure to provide a forwarding address. In this posture, a court is basically at the mercy of a litigant who refuses to provide an updated address, thereby preventing the court from effectively communicating in any way with the party concerning his failure to act. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

### III.   Recommendation

This court has previously dismissed other prisoner's claims for failing to file a notice of change of address. *See, e.g., Coleman v. Hale Cty. Jail*, No. 5:03-CV-310-C, 2004 WL 530440, at *1 (N.D. Tex. Mar. 17, 2004) (dismissing complaint without prejudice for want of prosecution where prisoner filed no change of address and failed to appear for *Spears* hearing following release); *Dean v. Jones*, No. 5:03-CV-010-C, 2003 WL 21653407, at *1 (N.D. Tex. July 14, 2003) (dismissing case without prejudice where inmate did not update current address, resulting in return of order to show cause as to why case should not be dismissed). Because Boutire has not updated

the Clerk with his current address, the district court should dismiss this action for want of prosecution, without prejudice, in accordance with Fed. R. Civ. P. 41(b).

### III.  Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 23, 2018

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE